UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24549-CIV-GRAHAM/SIMONTON

SOUTHEAST DISTRIBUTORS, INC.,

    Plaintiff,
vs.

UNITED SPECIALTY INS. CO.,

    Defendant.
_____/

**ORDER GRANTING, IN PART, DEFENDANT'S MOTION
TO DISMISS COUNTS II AND III, AND TO STRIKE ALLEGATIONS
CONTAINED IN COUNT I OF PLAINTIFF'S COMPLAINT**

This matter is before the undersigned upon Defendant's Motion to Dismiss Counts II and III, and to Strike Allegations Contained in Count I of Plaintiff's Complaint, ECF No. [18]. Plaintiff has filed a Response in opposition, ECF No. [19], and the Defendant has filed a Reply, ECF No. [23]. Pursuant to the consent of the Parties, the Honorable Donald L. Graham, the District Judge assigned to the case, has referred the Motion to the undersigned to take all necessary and proper action as required by law, ECF Nos. [8] [10].[1] For the reasons stated below, the undersigned recommends that the Motion be GRANTED, in part, and that Count II of the Plaintiff's Complaint be abated, and Count III of Plaintiff's Complaint be dismissed. However, to the extent that the Defendant requests that Paragraphs 15, 16, 18 and 24 of Plaintiff's Complaint be stricken, that request is DENIED.

    I.    **BACKGROUND**

This action was initiated when Plaintiff Southeast Distributors, Inc., ("Southeast") filed a three-count Complaint in the Circuit Court of the Eleventh Judicial Circuit In and

---

[1] In the Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions filed jointly by the Parties, the Parties elected to have a United States Magistrate Judge issue a final order or judgment with respect to Motions to Dismiss and All Pretrial Motions, ECF No. [8].

For Miami-Dade County alleging that its insurer, Defendant United Specialty Insurance Company, ("United"), refused to adjust Plaintiff's insurance claim and/or make sufficient payments related to damage sustained to a property owned by the Plaintiff, ECF No. [1-2].

In Count I of the Complaint, "Breach of Contract," Plaintiff alleges that United breached the insurance contract by failing to fully cover and pay for the damage and/or loss to Plaintiff's property, failing to send an adjuster to examine the loss, and making untrue and misleading statements regarding coverage and the Defendant's duties and obligations under the policy, despite Plaintiff fulfilling all of its duties under the contract, including post-loss obligations. In Count II of the Complaint, "Willfull (sic) Tortious Breach of Section 624.155, Florida Statutes," Plaintiff alleges that Defendant failed to act in good faith in settling Plaintiff's claim in violation of Section 624.155 of the Florida Statutes.  Specifically, Plaintiff contends that, among other things, the Defendant improperly and purposefully withheld documents and information, and made untrue and misleading statements regarding the claim and Defendant's duties and obligations under the insurance policy.   As to Counts I and II, Plaintiff requests that the Court enter a "judgment in favor of Plaintiff and against Defendant for damages, together with attorney's fees and costs and for such other relief" that the Court deems just and proper, ECF No. [1-2] at 6, 8.

In Count III of the Complaint, "Declaratory Relief," Plaintiff alleges that a controversy exists between the Parties concerning the coverage available under the subject policy with respect to the losses, costs or expenses incurred as the result of the subject loss.  As to Count III, Plaintiff requests that the Court "determine and declare Plaintiff's rights, duties and obligations from Defendant under the terms, provisions, conditions and endorsements of the subject policy"; and that the Court enter judgment for "pre- and post-judgment interest, costs of suit and attorneys; fees to the fullest extent

allowed by law"; and for such other relief that the Court deems just and proper, ECF No. [1-2] at 9.

The Defendant removed this action from state court to this Court and has now filed the instant Motion to Dismiss, ECF No. [1] [18].

## II.     DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f)(2), Defendant seeks to have Counts II and III of the Plaintiff's Complaint dismissed and to strike certain allegations in the Plaintiff's Complaint.

As to Count II, which alleges that the Defendant engaged in bad faith in failing to settle Plaintiff's insurance claim, Defendant argues that the claim is premature and may not be brought by the Plaintiff until there has been a determination that Defendant United, in fact, breached the insurance contract and a final determination has been made regarding the amount of damages due to the Plaintiff for that breach.  In support of this contention, Defendant cites *Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) for the proposition that under Florida law, a claim for bad faith pursuant to Fla Stat. § 624.155, does not accrue until there has been a determination of liability and damages in the underlying contract claim.  Defendant contends that permitting a premature bad faith claim to proceed would expose United to the improper discovery of privileged information.  Defendant United argues that the course of action when a premature bad faith claim is presented is for the Court to dismiss, rather than abate, that claim until a final determination is made as to the insurance company's liability related to the breach of contract claim. Defendant further argues that judicial economy is not a valid reason for abating a premature bad faith claim because bringing such a claim is contrary to the Federal Rules of Civil Procedure, in that it presents a claim that is not ripe for adjudication since it rests upon contingent events that may not occur at all.

As to Count III, the Declaratory Judgment claim, the Defendant contends that the Breach of Contract Claim in Count I is based on the same underlying allegations as those in Count III, and both Counts will be determined based on the same facts and legal standards. Defendant thus argues that Plaintiff will be afforded complete relief through the breach of contract claim, and the Declaratory Relief claim is therefore duplicative and should be dismissed. Defendant also argues that the Plaintiff has failed to identify any particular language of the policy that requires clarification by the Court. Rather, Defendant asserts that Plaintiff is merely improperly seeking a declaration of the amount of damages due to the Plaintiff under the policy and not whether there is coverage under the policy.

In response to the Motion to Dismiss, Plaintiff does not directly contest Defendant's assertion that Count II of the Complaint alleges a bad faith claim that is premature at this point, rather, Plaintiff submits that the bad faith claim should be abated and not dismissed pending the resolution of the underlying breach of contract claim, ECF No. [19]. Plaintiff contends that the trend in Florida (state) courts has been to abate such premature claims, and contends that doing so promotes efficiency and judicial economy. Plaintiff further contends that it has complied with all of the prerequisites for bringing a bad faith claim.

As to Count III, the Plaintiff contends that the Declaratory Relief claim has been properly pled and because both the Florida Declaratory Judgment Act and the Florida Judgment Act are to be read liberally, that Count III of the Complaint should not be dismissed. Plaintiff further contends that there is an actual controversy that exists between the parties, and that litigants are permitted to seek a declaration of their rights whether or not further relief is or may be sought.

In addition, Plaintiff contends that motions to strike are disfavored and argues that Defendant's request to strike portions of the Plaintiff's Complaint should be denied.

Plaintiff contends that the well-pled factual allegations contained in paragraphs 15, 16, 18 and 24 of the Complaint go specifically to Defendant's contractual obligations under the insurance contract at issue in Count I, and thus should not be stricken.

### III. FRAMEWORK FOR ANALYSIS

When reviewing a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotation marks omitted).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (emphasis added). A motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials. *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699-700 (S.D. Fla. 2013) (citing *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10–cv–44–Orl–19GJK, 2010 WL 2367227, *1 (M.D. Fla. June 14, 2010) (noting that motions to strike are used to avoid unnecessary forays into immaterial matters). "However, '[a] motion to strike is a drastic remedy,' which is disfavored by the

5

courts." *Id.* (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F.Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

   IV.   ANALYSIS

   A.   Plaintiff's Bad Faith Claim May Not Be Brought Prior To a Determination of the Underlying Insurance Claim and Will Therefore Be Abated

Defendant first seeks to have Count II of the Complaint, which alleges a willful tortious breach of the good faith requirement codified in Florida Statute §624.155, dismissed as premature. As correctly stated by the Defendant, in *Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) the Supreme Court of Florida held that a claim for bad faith pursuant to Fla Stat. §624.155, does not accrue until there has been a determination of liability and damages in the underlying contract claim. *Accord Shapiro v. Government Employees Ins. Co.*, No. 14-CIV-62792, 2015 WL 127897 *1 (S.D. Fla. 2015) (citing *Blanchard* and holding in order to maintain an action for bad faith, under Fla. Stat. §624.155, the underlying action for benefits must first be resolved). Further, in *Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So 3d, 963, 964 (Fla. Dist. Ct. App. 2011), the reviewing state court reversed a trial court's decision to grant a motion to dismiss and opined that the an underlying breach of an insurance contract claim must be resolved prior to the determination of a bad faith claim. Significantly, the reviewing court held that, upon remand, the trial court could either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue was resolved. *Id.* at 964-65.

In this case, the Parties seemingly agree, albeit Plaintiff tacitly so, that the bad faith claim alleged in Count II of the Complaint is premature because the underlying breach of insurance contract claim has not yet been resolved. As stated above, however, the Parties clearly disagree as to whether the bad faith claim should be abated or

dismissed while the underlying claim proceeds. For the following reasons, the undersigned concludes that the bad faith claim should be abated and not dismissed.

In *Laxman v. Safeco Ins. Co. of Illinois*, No. 2:14-cv-14413-RLR, 2015 WL 845582, at *2 (S.D. Fla. 2015), a court was faced with similar facts as the ones presented in the case at bar where a plaintiff brought a breach of insurance claim simultaneously with a bad faith claim pursuant to Fla. Stat. §624.155. After acknowledging that, as held in *Landmark*, a court may either dismiss a premature bad faith claim without prejudice or may abate the action until the underlying action is resolved, the Court in *Laxman* concluded that judicial efficiency weighed in favor of abatement and not dismissal. *Accord Perez v. Gen. Ins. Co. of Am., N*o. 14–20009–CIV-RSR, 2014 WL 1384401, at *3 (S.D. Fla. Apr. 9, 2014) (same); *O'Rourke v. Provident Life and Acc. Ins. Co.*, 48 F. Supp. 2d 1383, 1384-85 (S.D. Fla. 1999) (opinion by Judge Moore); see also *Mobley v. Capital Specialty Ins.*, 2013 WL 3794058, *3 (S.D. Fla. 2013, Jul. 19, 2013) (abating rather than striking claim for money in excess of policy limits until a determination of coverage under the policy was made).

Akin to *Laxman* and *O'Rourke*, in this case, the undersigned concludes that although, as implicitly conceded by the Plaintiff, the Florida statutory bad faith claim is premature because the underlying breach of insurance contract claim has not yet been resolved, judicial efficiency urges that the bad faith claim be abated rather than dismissed without prejudice. In particular, this case involves damages sustained during a specified period of time to a particular property which is the subject of an insurance policy issued by the Defendant to the Plaintiff for that property. Thus, it is likely that many of the facts that will be determined in the breach of contract action will overlap with the facts raised in the bad faith action, and thus permitting the Judge who hears the underlying action to hold the secondary claim in abeyance and reactivate that claim if appropriate will significantly preserve judicial resources and best serve judicial

economy.[2]  Further, there is no prejudice to the Defendant if the bad faith claim is abated rather than dismissed.

Accordingly, in consideration of the specific facts of this case, the undersigned abates Count II of the Plaintiff's Complaint until the underlying breach of contract action is resolved.

### B.  The Claim For Declaratory Judgment Should Be Dismissed

The Defendant next requests that the Court dismiss Count III of the Complaint which seeks declaratory relief.  The Declaratory Judgment Act "confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 284 (1995).[3]  As stated in *Gentry v. Harborage*

---

[2]  The cases cited by the Defendant for the proposition that dismissal rather than abatement is the appropriate disposition of a premature bad faith claim are cases primarily from the Middle District of Florida. The undersigned elects to follow the trend of Courts in the Southern District of Florida that overwhelming abate actions in factual scenarios akin to the one sub judice.

[3] Although the Parties herein both have referred to the Florida declaratory statute, many federal courts in Florida have declined to apply Florida's Declaratory Judgment Act—declaring it to be procedural only—and have instead applied the Federal Declaratory Judgment Act. *See,* e.g., *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-CIV, 2011 WL 3843931, *2  n.2 (S.D. Fla. Aug. 26, 2011) (collecting cases); *Nirvana Condo. Ass'n v. QBE Ins. Corp.*, 589 F.Supp.2d 1336, 1343 n. 1 (S.D. Fla. 2008) (opinion by Judge Graham stating that a declaratory judgment under Florida law is a "procedural mechanism" and does not confer any substantive rights, and consequently applying the Federal Declaratory Judgment Act); *200 Leslie Condo. Ass'n v. QBE Ins. Corp.*, No. 10–61984–CIV, 2011 WL 2470344, at *5 (S.D.Fla. June 21, 2011) (stating Florida's Declaratory Judgment Act is procedural and applying federal law) (citing Nirvana Condo. Ass'n, 589 F.Supp.2d at 1343 n. 1); *Fortran Grp. Int'l Inc. v. Tenet Hosp. Ltd.*, No. 8:10–cv–01602–T–17, 2010 WL 4366380, at * 1 (M.D.Fla. Oct.28, 2010); Vill. *Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09–cv–1711–Orl–31DAB, 2009 WL 4899402, at *2 (M.D.Fla. Dec.11, 2009); *Isola Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08–21592–CIV, 2008 WL 5169458, at *7 n. 1 (S.D. Fla. Dec.8, 2008); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07–22988–CIV, 2008 WL 2490450, at *2 n. 1 (S.D. Fla. June 18, 2008).

The undersigned recognizes, however, that the Florida statutes provide that, the relevant Florida statutes, those contained in Chapter 86, are substantive. See Fla. Stat. § 86.101. ("This chapter[, chapter 86], is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed."); *Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, 509

*Cottages-Stuart, LLP*, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008), "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment. *Old Rep. Union. Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997). Further, "A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012); *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) ("[A] court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court.").

Relying on these principles, several courts in this district have dismissed claims seeking a declaratory judgment when the relief sought in the declaratory judgment claim is duplicative of or subsumed by the claims advanced in other counts of the complaint. *See e.g. Gentry v. Harborage Cottages-Stuart, LLP*, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) (opining that dismissal of a declaratory judgment claim was appropriate where the claim was superfluous because the plaintiff's other claims would resolve all the disputed issues before this Court.); *Fernando Grinberg Trust Success Int'l Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing declaratory judgment claim where that claim was subsumed within the claim for breach of contract); *Al-Ad Residences at Miramar Condo. Assoc., Inc. v. Mt.*

---

F.Supp.2d 1158, 1160–61 (M.D. Fla. 2007); *Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5, 11 (Fla. 2004); *Ready v. Safeway Rock Co.*, 157 Fla. 27, 24 So.2d 808, 808–09 (Fla. 1946) (en banc).

For purposes of the instant dispute, however, the differences between the Federal Declaratory Judgment Act and Florida's Declaratory Judgment Act are not material.

9

*Hawley Ins. Co.*, Nos. 09-CV-60723, 09-CV-60726, 2009 WL 3019786 (S.D. Fla. Sept. 23, 2009), at *4 (granting insurer's motion to dismiss declaratory judgment claim concerning damages and compensation because it requires factual determinations about the scope of damages and because the insured is asking the court "to judicially declare the amount of damages" and noting that the damages issue may be resolved under the breach of contract claim); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442, 2009 WL 2729954 (S.D. Fla. Aug. 25, 2009) (dismissing portions of declaratory judgment count because damages will be resolved in the breach of contract count); see also, *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1081-81 (Fla. Dist. Ct. App. 1985)) (Nesbitt, J. specially concurring) ("[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief."). [4]

In the case at bar, as set forth above, in Count III of the Complaint, "Declaratory Relief," the Plaintiff alleges that a controversy exists between the parties concerning the losses covered under the policy and the expenses incurred as a result of the subject loss, which is the same issue raised in Count I, "Breach of Contract," which alleges that the Defendant breached the contract by failing to fully cover and pay for the damage

---

[4] The undersigned recognizes that several courts in the Middle District of Florida have declined to dismiss a declaratory relief claim even when the claim is redundant of another claim. See *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) ("[M]otions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."). Further, several Middle District Courts have allowed breach of contract claims to proceed alongside declaratory judgment claims. See, e.g., *Boumazzoughe v. Roudebush*, No. 615-CV-798 ORL 40 TBS, 2015 WL 5821519, at *3–5 (M.D. Fla. Oct. 1, 2015). At least one Middle District of Florida court has held that "the availability of an adequate legal remedy does not preclude a cause of action for a declaratory judgment." *Feldkamp v. Long Bay Partners, LLC*, No. 2:09-CV-253-FTM29SPC, 2010 WL 3610452, at *5 (M.D. Fla. Sept. 14, 2010) (citing 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57).

and/or loss to Plaintiff's property as required by the insurance contract.  Similarly, in the declaratory relief count, the Plaintiff seeks to have the court determine the Plaintiff's and Defendant's rights duties and obligations with respect to the losses under the policy, which again is, in essence, the same relief sought in the breach of contract count.  The Plaintiff will be able to obtain all of the relief that it seeks through the resolution of the breach of contract count of the Complaint.  The Plaintiff has not pointed to any declaratory relief that it cannot obtain through resolution of its breach of contract claim.  Thus, the declaratory relief is subsumed in the breach of contract claim and superfluous.  Accordingly, the Defendant's request that Count III of the Complaint be dismissed is granted.

    C.  <u>The Bad-Faith Allegations in Plaintiff's Complaint</u>

Finally, the Defendant seeks to have certain allegations in Plaintiff's Complaint stricken.  Specifically, Defendant contends that the following paragraphs should be stricken from the Complaint:

> 15. There were numerous attempts by Plaintiff and/or Plaintiff's agents to get the insurer to adjust the loss and make payments of undisputed amounts.
>
> 16. The insurer refused to actively adjust the claim and/or make sufficient payments.
>
> 18. Defendant filed to properly adjust the loss and/or remit sufficient payment on the subject claim.
>
> 24. Plaintiff provided the insurer with notice of its various breaches of the policy of insurance and/or issues with Defendant's handling of this claim and failure to provide full payment of the subject loss, and Plaintiff allowed Defendant a reasonable opportunity to cure same; however, Defendant has not cured same.

ECF No. [1-2] at 3-4. These paragraphs are included as part of the "Background Facts" section of the Complaint, and are incorporated by reference into both Counts I and II of the Complaint.  The allegations that the Defendant seeks to strike set forth the Plaintiff's

11

version of the facts regarding the Defendant's failure to adjust and/or pay the Plaintiff's insurance claim.  Thus, although the Plaintiff's breach of contract claim does rise or fall on those specific allegations, their inclusion provides the factual background for the Plaintiff's claim and sets forth the Plaintiff's contentions regarding the Defendant's failure to fulfill its duties under the contract.  While those allegations may arguably also set forth the facts for a bad faith claim, the allegations are not redundant, immaterial, impertinent or scandalous.[5]  Thus, the drastic remedy of striking those allegations is not warranted in this case.  *Wilshire Condo. Assoc., Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, *7 (S.D. Fla. April 10, 2013) (stating "We are persuaded that there is no harm in retaining factual allegations of bad-faith in a non-bad-faith action. . . The references to 'bad-faith,' if raised at trial, may be objectionable for relevance. However, at this point, the Court can overlook any bad faith allegations.")

## V.  CONCLUSION

Based upon the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts II and III, and to Strike Allegations Contained in Count I of Plaintiff's Complaint, ECF No. [18] is **GRANTED**, in part.  Count II, Willful Tortious Breach of Section 624.155 Florida Statutes, is hereby abated and may be revived by filing a motion following the resolution of the underlying breach of contract claim, if appropriate; and Count III, Declaratory Relief, of the Plaintiff's Complaint is hereby dismissed.  To the extent that the Motion to Dismiss seeks to strike Paragraphs 15, 16, 18 and 24 of the Complaint, the Motion is **DENIED**.

---

[5] **Although the allegations related to bad-faith will not be stricken from Count I and remain in the operative Complaint, the discovery conducted related to Count I will be limited to breach of contract issues, and is not permitted on the Plaintiff's bad-faith allegations.**

**The Defendant shall file an answer to these paragraphs on or before March 27, 2017.**

**DONE AND ORDERED** in chambers at Miami, Florida, on March 13, 2017.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**
The Honorable Donald L. Graham, United States District Judge
All counsel of record